**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HENRY JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-3864** |
| **ADM/GROWMARK RIVER SYSTEM, INC.** | **SECTION "B" (2)** |

### ORDER AND REASONS

Before the Court is Plaintiff Henry Jackson's("Plaintiff") Motion to Remand(Rec. Doc. No. 5). ADM Growmark River System, Inc. ("Defendant")filed a Memorandum in Opposition to said motion(Rec. Doc. No. 6). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Motion to Remand is hereby **GRANTED**.

### *BACKGROUND*

Plaintiff was terminated from employment with Defendant for alleged excessive absenteeism. On March 6, 2006, Plaintiff filed suit in state court against Defendant, alleging a violation of the the Family Medical Leave Act. At the time of termination, Plaintiff was earning approximately $36,000 to $45,000 yearly. Plaintiff was unemployed for six months before he found comparable employment. On December 19, 2006, Plaintiff sent Defendant a demand of $260,000.00. However, believing the demand was without factual basis and would not enable it to meet its burden of proof to establish the jurisdictional amount requirement, Defendant did not remove the case at this time. Subsequently, the parties set

discovery cut-off dates and participated in a pre-trial conference where trial was set of for October 2009. During the pre-trial conference, the state court granted Plaintiff time to amend his petition to include a state claim for retaliatory discharge. Defendant received both a copy of the amended petition on May 18, 2009 and the answers to its discovery requests showing that Plaintiff was claiming one year's salary between $36,000 and $45,000 and an additional amount of $45,000,00 for bad faith. The amended petition added an additional claim for retaliatory discharge, which Defendant contends to have brought the total of Plaintiff's claims over the requisite amount in controversy. After receipt of the amended petition and discovery responses, Defendant removed the case to federal court on June 15, 2009. Since removal occurred more than one year after suit was filed in state court, Plaintiff filed the instant Motion to Remand.

**A. Notice of Removal; Timing**

Since the exercise of jurisdiction raises federalism concerns, "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries* 97 F.3d 100, 106 (5th Cir. 1996). Failure to file a timely notice of removal requires the district court to remand the matter to state court. *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982). 28 U.S.C. §1446(b) provides a statutory time limit of 30 days to

2

remove an action. It states in pertinent part:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has been removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

A party may remove a case based on diversity jurisdiction within thirty days of receipt of the initial pleading. 28 U.S.C. §1446(b). However, if the case established by the initial pleading is not removable, a notice of removal may be filed within thirty days after the defendant receives a pleading, motion, or "other paper" from which it first may be established that the case is removable. *Id.* "Regardless of whether the case is initially removable or becomes removable at a later date, a case may not be removed based on diversity jurisdiction more than one-year after commencement of the action. *Id.* Where a plaintiff does not identify a specific amount in controversy, a removing defendant has the burden of showing that the amount in controversy is sufficient to support federal jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). This is accomplished when it is "facially apparent that the claims are likely above" $75,000 or by arguing that the facts in controversy support a finding of the requisite amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

3

Here, Defendant claims that the case was non-removable until May 18, 2009 when it received a courtesy copy of the amended petition and Plaintiff's discovery responses. Defendant asserts that the original petition, filed in March 2006, did not facially show claims exceeding $75,000. In support, Defendant argues that Plaintiff's damages, "even considering overtime and with bad faith penalties, could not have exceeded $75,000 on the basis of the FMLA claim alone." (Rec. Doc. No. 6 at 4). However, once the amended petition added an additional claim of retaliatory discharge, the two claims together met the amount in controversy requirement. Moreover, Plaintiff's discovery responses claimed an extra $45,000 in addition to Plaintiff's one year salary. However, Defendant was notified in December 2006 that Plaintiff was claiming in a demand letter over $75,000.

Assuming that the case was first removable on May 18, 2009, as Defendant asserts, removal was still untimely because it occurred more than one year after suit was filed. As noted *supra*, in diversity cases, a case may not be removed more than one year after the commencement of the action regardless of whether the case becomes removable at a later date. Therefore, the case must be remanded unless the equitable exception to the one-year requirement applies to this case.

4

## B. Equitable Exception

Defendant's Notice of Removal was submitted more than one year after Plaintiff's suit was filed, making it untimely pursuant to 28 U.S.C. §1446(b). Defendant contends that Plaintiff's conduct justifies application of an equitable exception to the one-year removal period set forth in 28 U.S.C. §1446(b). *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). In *Tedford*, the Fifth Circuit noted that "the time limit for removal is not jurisdictional" and "may be waived" due to conduct of the parties, including acts of "forum manipulation." *Id*. at 426 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). An "aroma of manipulation" is not sufficient to trigger the rarely used exception of equitable tolling. *Foster v. Landon*, No. 04-2645, 2004 U.S. Dist. LEXIS 22440, at *7 (E.D.La. Nov. 3, 2004)(Fallon, J).

Defendant contends that Plaintiff's second claim was virtually identical to the first claim and therefore, Plaintiff knew or should have known about his second claim before the one-year period had passed. Defendant contends that Plaintiff engaged in forum manipulation by waiting until the one-year deadline had passed to add its second claim. This conclusory statement alone does not rise to the level of "forum manipulation" as in *Tedford*. *See Tedford*, 327 F.3d at 425. The court requires more in order to equitably toll the one-year removal period. Defendant cites *Brower v. Staley*,

5

2008 WL 5352019, at *1 (5th Cir. Dec. 23, 2008), where the court found that the equitable exception was justified when the plaintiff realized that his damages exceeded $75,000, but failed to amend his complaint until after the one-year period. However, in *Brower*, the defendant proved that the plaintiff knew that it had an increase in damages because the plaintiff had agreed to have surgery, which would increase the amount of medical bills beyond the requisite amount. *Id.* To the contrary, Defendant in this case only alleges that Plaintiff knew of the second claim because it is "virtually identical" to the first claim, which means that Plaintiff should have been aware of the second claim at the time of filing the first claim. Plaintiff's first petition alleged Defendant was wrongfully terminated for excessive absences. (See Petition at Rec. Doc. No. 1-2). The amended petition alleged that he was terminated because he utilized worker compensation benefits. (*See* Amended Petition at Rec. Doc. 1-2). While both claims are based upon the same set of facts, Defendant's argument alone that Plaintiff should have known of the second claim at the time the first claim was filed, does not show that Plaintiff knew that its damages exceeded $75,000 and purposely engaged in forum manipulation.

In *Foster*, the plaintiff limited damages to less than $75,000, but after the year removal period expired, the plaintiff's attorney sent a settlement letter to the defendant for $400,000. 2004 U.S. Dist. LEXIS 22440, at *8. The court was troubled by the

plaintiff's behavior, but held that it must "balance the exception articulated in *Tedford* with the general rule that removal jurisdiction is to be strictly construed, as its application 'deprives a state court of a case properly before it and thereby implicates important federalism concerns.'" *Id.* (citing *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997)). When balancing the exception and looking at the totality of the circumstances, the Court is not convinced that Plaintiff here, engaged in forum manipulation.

Defendant must also demonstrate that its own conduct conformed to equitable principles. "[E]quity aids the vigilant and not those who slumber on their rights." *National Assoc. of Governmental Employees v. City Public Service Board of San Antonio, Texas*, 40 F.3d 698, 708 (5th Cir. 1994). Plaintiff sent Defendant a demand of $260,000.00 on December 19, 2006. Defendant claims it did not remove the case at this time because it believed the demand was without factual basis and would not enable it to meet its burden of proof to establish the jurisdictional amount requirement. However, discovery was not propounded until January 23, 2008, almost two years after suit was filed and over a year after the demand letter was sent. Defendant should have diligently inquired into the basis of said demand through discovery, which would have been well within the one-year period. The equitable exception does not alter the burden of the removing party to timely show that federal

jurisdiction exists. *Monk v. Werhane Enter.*, 2006 WL 3918395, at *5 (E.D. La. Nov. 27, 2006). The Court finds that Defendant has not shown sufficient facts to equitably toll the relevant one-year limitation on removal. Therefore, this action shall be remanded to the state court.

New Orleans, Louisiana, this 18th day of September, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE